PROB 12C
(04/08)

July 22, 2008

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUL 25 PM 12: 16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Hanna KANANI (English)         **Dkt No.:** 08-CR-0524-002-LAB

**Reg. No.:** 07184-298

**Name of Sentencing Judicial Officer:** The Honorable Larry A. Burns, U.S. District Judge

**Date of Sentence:** June 16, 2008

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II), Transportation of Illegal Aliens and Aiding and Abetting, a Class D felony.

**Sentence:** Time served (31 days) and 3 years supervised release. (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release         **Date Supervision Commenced:** June 16, 2008

**Asst. U.S. Atty.:** Carlos Cantu         **Defense Counsel:** Kay L. Sunday (Appointed)
                                                                (619) 231-3111

**Prior Violation History:** None.

---

PETITIONING THE COURT

TO ISSUE A NO-BAIL BENCH WARRANT

PROB 12C

Name of Offender: Hanna KANANI                                                                July 22, 2008
Docket No.: 08-CR-0524-002-LAB                                                                       Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**                                                **ALLEGATION(S) OF NONCOMPLIANCE**

**(Mandatory Condition)**
Refrain from any unlawful use of a    1.    On or about July 10, 2008, Ms. Kanani used
controlled substance. *(mv3)*                    methamphetamine on two occasions, as evidenced
                                                              by her admission to the U.S. Probation Officer on
                                                              July 17, 2008.

*Grounds for Revocation:* Ms. Kanani reported to the probation office for an initial office contact on July 17, 2008. Following that meeting she submitted a urine specimen which presumptively tested positive for methamphetamine and amphetamine. When questioned regarding the results, Ms. Kanani admitted to the undersigned probation officer that she had used methamphetamine twice within the previous week.

**(Standard Condition)**
Answer truthfully all inquiries by the    2.    Ms. Kanani failed to report to the probation office
probation officer and follow the                 for scheduled appointments as directed on July 1 and
instructions of the probation officer. *(mv8)*   11, 2008.

*Grounds for Revocation:* After court proceedings on June 30, 2008, the undersigned met with the offender and instructed her to report to the probation office on July 1, 2008 at 1:30pm, which she failed to do. Thereafter on July 11, 2008, the offender requested to see the undersigned and was told to report to the probation office that same day at 2:00pm. She was also told that she would be required to provide a urine sample for drug testing. She again failed to report. In regard to both of the scheduled office appointments specified above, Ms. Kanani personally agreed to report to the undersigned as directed. She failed to report to the probation office on those dates, each time stating that she had trouble finding transportation.

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**
Ms. Kanani has shown poor adjustment to supervision. The fact that she submitted a urinalysis which tested positive for methamphetamine upon her first office visit, after having failed to report for previously scheduled appointments, indicates that substance abuse may be a significant issue for this offender.

The undersigned would note that according to Ms. Kanani's former U.S. Pretrial Services Officer, the offender had difficulty following reporting instructions while on bond in the instant matter. Even in the short time she has been on supervised release, her multiple failures to respond to the undersigned's instructions indicates a lack of understanding of her current status and evidences significant irresponsibility.

Name of Offender: Hanna KANANI                                July 22, 2008
Docket No.: 08-CR-0524-002-LAB                                        Page 3

---

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS
There is little personal history information that can be added to that contained in the recent presentence report, and the Court is respectfully referred to that document. The offender continues to live either at her parent's home in El Cajon, California, or in the room of a friend's residence in La Mesa, California.

## SENTENCING OPTIONS
## CUSTODY
**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use of a controlled substance, failure to report to the probation officer as directed) constitute Grade C violations. USSG § 7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE
If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

PROB 12C

Name of Offender: Hanna KANANI  
Docket No.: 08-CR-0524-002-LAB

July 22, 2008  
Page 4

## RECOMMENDATION/JUSTIFICATION

Although the undersigned is normally focused on recommending the rehabilitative treatment in cases that involve this type of non-compliance by an offender like Ms. Kanani, I feel this case deserves a somewhat different response. At the time of sentencing the court made a significant departure so that Ms. Kanani was not subjected to further custody and subsequent separation from her young child. Instead of taking advantage of the opportunity granted by the court, she violated the conditions of supervision. Aggravating this misconduct is her own admission she used methamphetamine twice within one week, potentially placing her own child in danger, due to her ongoing drug use.

Therefore, the undersigned is recommending the Court revoke supervised release and sentence Ms. Kanani to 6 months custody, followed by 30 months supervised release. It is further recommended that conditions of supervision be modified to include that she reside in a residential reentry center (RRC) for up to 120 days, and that she enter and complete a residential drug treatment program of at least 4 months in length. Should the Court impose these treatment oriented conditions, the undersigned would also recommend the Court allow 2 years for Ms. Kanani to complete the previously ordered 250 hours of community service, and delete the special conditions regarding the offender's plans to relocate to Texas. Her violation conduct makes her a poor candidate for relocation at this time, as she needs to show some form of compliance especially focusing on her continued sobriety.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: July 22, 2008**

Respectfully submitted:  
KENNETH O. YOUNG  
CHIEF PROBATION OFFICER

by _____  
David E. Dilbeck  
U.S. Probation Officer  
(619) 409-5116

Reviewed and approved:

_____  
Robert J. Walford  
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** KANANI, Hanna

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-0524-002-LAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | use of a controlled substance | C |
   | failure to report to the probation officer as directed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))   [ C ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))   [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))   [ 3 - 9 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG §§ 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution | _____ | Community Confinement | _____ |
   | Fine | _____ | Home Detention | _____ |
   | Other | 250 hours CWS | Intermittent Confinement | _____ |

**THE COURT ORDERS:**

✓ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ Other _____

_____

_____

_____           7/23/08
The Honorable Larry A. Burns                    Date
U.S. District Judge